UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CACHIL DEHE BAND OF WINTUN
INDIANS OF THE COLUSA INDIAN
COMMUNITY, a federally
recognized Indian Tribe,

    Plaintiff,

    v.

STATE OF CALIFORNIA;
CALIFORNIA GAMBLING CONTROL
COMMISSION, an agency of the
State of California; and
ARNOLD SCHWARZENEGGER,
Governor of the State of
California,

    Defendants.
_____/

NO. CIV. S-04-2265 FCD KJM

----oo0oo----

    This matter is before the court on proposed plaintiff-intervenor Picayune Rancheria of the Chukchansi Indians' ("Picayine Rancheria") motion to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.  Plaintiff Cachil Dehe

Band of Wintun Indians of the Colusa Indian Community ("Colusa") does not oppose the motion so long as the litigation schedule is not delayed by reason of such intervention.  Defendant State of California, California Gambling Commission (the "Commission"), and Arnold Schwarzenegger (collective, the "State defendants") oppose the motion.

Rule 24(b) of the Federal Rules of Civil Procedure provides, in relevant part, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  A court may grant permissive intervention where the applicant demonstrates (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a common question of law or fact.  <u>Wilson</u>, 131 F.3d at 1308 (quotations and citation omitted).  Even if the applicant satisfies these requirements, the court has discretion to deny intervention based upon other considerations relevant to the individual circumstances of the case before it.  <u>See</u> <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998); <u>Venegas v. Skaggs</u>, 867 F.2d 527, 530 (9th Cir. 1989).  Permissive intervention focuses on possible prejudice to the original parties to the litigation, not the intervenor.  <u>See</u> Moore's Federal Practice 3d Ed. § 24.10(1)(2003).

In this case, proposed plaintiff-intervenor Picayune Rancheria alleges that the Commission breached its Gaming Compact with the State of California by miscalculating the total number of licenses in the gaming device license pool.  (Proposed Compl. in Intervention [Docket # 55], filed Jan. 2, 2009.)  Proposed

plaintiff-intervenor seeks a declaration that "the correct number of licenses in excess of 32,151 in the gaming device license pool" should be available for issuance to Proposition 1A Tribes, including the Picayune Rancheria. (Id. ¶ 60.) The State defendants concede that the proposed claim "if not precisely identical, is very similar to the second claim for relief" in plaintiff's complaint. (Defs.' Opp'n, filed Jan. 16, 2009, at 2.)[1]  As such, there is no dispute that (1) there is an independent basis for jurisdiction for the claim; (2) the motion is timely;[2] and (3) the proposed claim shares common questions of law or fact with plaintiff's claims.

Rather, the State defendants' oppose the motion to intervene on the sole ground that the Proposed Complaint in Intervention, if filed, will be subject to dismissal under Federal Rule of Civil Procedure 19 for failure to join indispensible parties. Defendants previously and successfully raised this issue before this court in Colusa I. However, in 2008, the Ninth Circuit reversed the court's order with respect to its Rule 19 analysis. Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. State, 547 F.3d 962 (9th Cir. 2008). The Ninth Circuit's decision is binding precedent on this court. See United States

---

[1] Defendants assert that the claim is identical to the First Amended and Supplemental Complaint filed in Case No. 2:07-cv-1065 ("Colusa II"), which is part of this consolidated matter. However, a review of the relevant complaints filed by plaintiff demonstrate that it is similar to the claim asserted by plaintiff in Case No. 2:04-cv-2265 ("Colusa I").

[2] While the original complaint in this action was filed in October 2004, the case has been pending before the Ninth Circuit since mid-2006 and the Ninth Circuit's mandate was not filed in this court until November 14, 2008. The instant motion to intervene was filed January 2, 2009. None of the parties contend that the motion is untimely.

1  v. Johnson, 256 F.3d 895, 916 (9th Cir. 2001) (holding that where
2  "a majority of the panel has focused on the legal issue presented
3  by the case before it and made a deliberate decision to resolve
4  the issue, that ruling . . . can only be overturned by an en banc
5  court or by the Supreme Court").  Defendant's potential petition
6  for certiorari to the Supreme Court does not change the mandatory
7  nature of the Ninth Circuit's decision.[3]

8       Therefore, Picayune Rancheria's motion to intervene as
9  plaintiff is GRANTED.  The scheduled dispositive motion hearing
10 deadline remains unchanged.  To the extent the parties seek to
11 file dispositive motions relating to plaintiff-intervenor or
12 plaintiff-intervenor seeks to file a dispositive motion,[4] such
13 motions shall be filed by Wednesday, January 28 at 4:00 p.m.
14 Oppositions shall be filed by Friday, February 6 at 4:00 p.m.,
15 and any replies shall be filed by Friday, February 13 at 4:00
16 p.m.

17      IT IS SO ORDERED.
18 DATED: January 22, 2009

                                  FRANK C. DAMRELL, JR.
                                  UNITED STATES DISTRICT JUDGE

---

[3] The court declines to stay its ruling on the motion until the United States Supreme Court has taken action on defendants' petition for certiorari, if filed.

[4] Because of the similarities presented by plaintiff-intervenor's and plaintiff's claims, to the extent the parties merely seek to join in motions currently filed, they may file a notice of joinder.

4