UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CACHIL DEHE BAND OF WINTUN INDIANS OF THE COLUSA INDIAN COMMUNITY, a federally recognized Indian Tribe,

      Plaintiff,

PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a a federally recognized Indian Tribe,

      Plaintiff
      in Intervention,

  v.

NO. CIV. S-04-2265 FCD KJM
(Consolidated Cases)

STATE OF CALIFORNIA; CALIFORNIA GAMBLING CONTROL COMMISSION, an agency of the State of California; and ARNOLD SCHWARZENEGGER, Governor of the State of California,

      Defendants.

_____/

----oo0oo----

This matter is before the court on proposed plaintiff-intervenor Tuolumne Band of Me-Wuk Indians', a federally recognized Indian Tribe, ("Tuolumne") motion to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Defendants State of California, California Gambling Control Commission (the "Commission"), and Arnold Schwarzenegger (collective, the "State defendants") oppose the motion.[1]

Proposed plaintiff-intervenor Tuolumne alleges that defendants, acting through the Commission, breached Tuolumne's Gaming Compact with the State of California by miscalculating the total number of licenses in the gaming device license pool and refusing to allocate more than 32,151 licenses. (Proposed Compl. in Intervention, Ex. A to Decl. of Brendan L. Ludwick in Supp. of Intervention [Docket # 99], filed Apr. 10, 2009, ¶¶ 34-40.) By its complaint, Tuolumne seeks a declaration that the Gaming Compact authorizes the issuance of 55,951 licenses and the award of 987 licenses to the Tribe so that it may operate up to 2,000 Gaming Devices. (Id. at Prayer for Relief, ¶¶ 1-2.) However, in its reply brief, Tuolumne represents that it will not challenge the court's order issued on April 22, 2009, which granted summary judgment on Colusa and Picayune's claims regarding the size of the license pool; rather, Tuolumne seeks to be bound by a judgment consistent with the order. The State defendants concede that the proposed claim is similar to Colusa and Picayune's claim for relief. (Defs.' Opp'n, filed Apr. 28, 2009, at 2.) However,

---

[1] Neither plaintiff Cachil Dehe Band of Wintun Indians of the Colusa Indian Community ("Colusa") nor plaintiff-intervenor Picayune Rancheria of the Chukchansi Indians ("Picayune") (collectively "plaintiffs") filed an opposition or statement of non-opposition to Tuolumne's motion.

2

1 defendants contend that because the court has already issued an
2 order granting plaintiffs' motions for summary judgment on this
3 claim, Tuolumne's motion for intervention is untimely.
4    Rule 24(b) of the Federal Rules of Civil Procedure provides,
5 in relevant part, "On timely motion, the court may permit anyone
6 to intervene who . . . has a claim or defense that shares with
7 the main action a common question of law or fact."  Fed. R. Civ.
8 P. 24(b).  A court may grant permissive intervention where the
9 applicant demonstrates (1) independent grounds for jurisdiction;
10 (2) the motion is timely; and (3) the applicant's claim or
11 defense, and the main action, have a common question of law or
12 fact.  Wilson, 131 F.3d at 1308 (quotations and citation
13 omitted).  Even if the applicant satisfies these requirements,
14 the court has discretion to deny intervention based upon other
15 considerations relevant to the individual circumstances of the
16 case before it.  See Donnelly v. Glickman, 159 F.3d 405, 412 (9th
17 Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989).
18 Permissive intervention focuses on possible prejudice to the
19 original parties to the litigation, not the intervenor.  See
20 Moore's Federal Practice 3d Ed. § 24.10(1)(2003).  Moreover, the
21 timeliness requirement is analyzed more stringently in the
22 context of permissive intervention than in the context of
23 intervention as of right.  Wilson, 131 F.3d at 1308.
24    In determining timeliness under Rule 24(b)(2), the Ninth
25 Circuit considers "the stage of the proceedings, the prejudice to
26 existing parties, and the length of and reason for the delay."
27 Id.  "A party must intervene when he 'knows or has reason to know
28 that his interests might be adversely affected by the outcome of

litigation.'" <u>United States v. Alisal Water Corp.</u>, 370 F.3d 915, 923 (9th Cir. 2004) (quoting <u>United States v. Oregon</u>, 913 F.2d 576, 589 (9th Cir. 1990)).  The fact that a court has already "substantially engaged" in the issues in the case weighs heavily against allowing intervention.  <u>Wilson</u>, 131 F.3d at 1303. Furthermore, "postjudgment intervention is generally disfavored because it creates 'delay and prejudice to existing parties.'" <u>Calvert v. Huckins</u>, 109 F.3d 636, 638 (9th Cir. 1997) (quoting <u>United States v. Yonkers Bd. of Educ.</u>, 801 F.2d 593, 596 (2d Cir. 1986)).

In this case, the court has already substantially engaged in plaintiffs' claims regarding the size of the statewide license pool.  Plaintiff Colusa filed its complaint in this matter more than four years before Tuolumne filed its motion to intervene. Defendants filed an answer and a motion for judgment on the pleadings, and plaintiff Colusa filed a motion for summary judgment.  The court granted defendant's motion for judgment on the pleadings, and plaintiff Colusa appealed the order to the Ninth Circuit.  In late 2008, the Ninth Circuit reversed in part and remanded the case.  In December 2008, plaintiff Colusa filed a motion for a temporary restraining order and preliminary injunction.  Furthermore, in the interim, plaintiff filed a separate complaint for declaratory relief in June 2007.  This case was consolidated with plaintiff's original claims in December 2008.  These cases were vigorously litigated throughout the early months of 2009.  Indeed, on April 22, 2009, while this motion was pending, the court issued its Memorandum and Order, granting plaintiffs' motion for summary judgment on this claim.

As such, "a lot of water has already passed underneath [the] litigation bridge." Wilson, 131 F.3d at 1303, 1308 (finding intervention untimely where the motion was filed over two years after the suits were originally filed, the court had issued a temporary restraining order and a preliminary injunctions, the defendants had appealed the issuance of the injunction to the Ninth Circuit, and the court had ruled on a motion for summary judgment); see Calvert, 109 F.3d at 638 (denying motion to intervene brought after the district court had granted summary judgment and dismissed the remainder of the claims at issue).

Further, defendants would be prejudiced by the increased delay in adjudicating this action. Allowing intervention would require the court to reopen the claims relating to the license pool that have already been adjudicated by the court. Defendants would be permitted to seek additional appropriate discovery and to fully litigate Tuolumne's claim against it. Such independent litigation would add complexity and delay, prejudicing the current parties. To the extent the court entered final judgment with respect to Colusa and Picayune's claims regarding the size of the license pool as Tuolumne suggests, the remaining adjudication of Tuolumne's claim does not achieve benefits to judicial efficiency and delays defendants' final resolution of this case. See Alisal, 370 F.3d at 922-23 (finding prejudice to the parties where proposed intervenor sought intervention in the remedies phase of a case that had been litigated for four years and where intervention would complicate and delay the implementation of such relief).

1    Finally, Tuolumne unduly delayed in bringing its motion for
2 intervention.  While plaintiff-intervenor Picayune filed a motion
3 to intervene in this action on January 2, 2009, prior to the
4 court's hearing on Colusa and the State defendants' dispositive
5 motions, Tuolumne failed to file its motion for intervention
6 until April 10, 2009, almost two months after the hearing on the
7 parties' dispositive motions.

8    Tuolumne argues that it believed its interests were
9 protected by the named plaintiffs and that all signatories would
10 be beneficiaries of a favorable decision regarding the license
11 pool.  As such, Tuolumne contends that it was not until
12 defendants argued that the intent of each tribe in entering into
13 its Compact was relevant to interpretation of the Compact's
14 provisions that it realized its interests were not adequately
15 represented by plaintiffs.  However, the Ninth Circuit
16 specifically noted, with respect to Colusa's claim regarding the
17 size of the license pool, that Colusa sought "to enforce a
18 provision of *its* own Compact which may affect other tribes *only*
19 *incidentally*."  Cachil Dehe Band of Wintun Indians v. California,
20 547 F.3d 962, 972 (9th Cir. 2008) (emphasis added).  As such, the
21 court clarified that this claim applied to Colusa's Compact only
22 and may have little effect on other tribes.  Furthermore, the
23 Ninth Circuit acknowledged that different courts could reach
24 inconsistent conclusions with respect to different tribes' claims
25 regarding the size of the license pool and that such
26 inconsistencies could be resolved on appeal.  Id. at 972 n.12.
27 As such, the court at least implicitly contemplated that other
28 tribes may bring their own similar claims based upon the size of

the license pool.  Tuolumne's assumptions regarding the effect of a favorable ruling or the reach of the current plaintiffs' claims were made at its own peril.  See Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir. 1978) (holding that intervention was untimely where proposed intervenors knew or should have known of continuing settlement negotiations and that proposed intervenors should have joined negotiations before the suit was settled to protect their interests).

    Tuolumne also argues that intervention is timely and proper because it merely seeks a remedy consistent with the court's order.  The Ninth Circuit has noted that a party's interest in a specific phase of a proceeding may support intervention in that particular stage of the lawsuit.  Alisal, 370 F.3d at 921.  However, Tuolumne's interest in this case was not limited to the remedial phase.  Rather, its proposed complaint in intervention is substantially similar, if not nearly identical, to both Colusa and Picayune's claims regarding the size of the license pool.  As such, Tuolumne had the same interest in litigating the merits of these claims as the plaintiffs.  However, Tuolumne now seeks the benefits of litigation without any prior participation or expenditure of resources in adjudicating the merits of these claims.  See id. ("An applicant's desire to save costs by waiting to intervene until a late stage in the litigation is not a valid justification for delay."); see also Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1234 (1st Cir. 1992) ("[I]t seems

1  inequitable to allow a latecomer, who fiddled while Rome burned,
2  to collect a share of the fire insurance.").[2]
3      For the foregoing reasons, the court concludes that
4  Tuolumne's motion for permissive intervention is untimely.
5  Therefore, proposed plaintiff-intervenor's motion is DENIED.
6      IT IS SO ORDERED.
7  DATED: June 3, 2009

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[2] Tuolumne's reliance on United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977), is misplaced. In McDonald, the Court held that a putative class member who was not a party to the suit should be allowed to intervene after entry of final judgment for purposes of appeal if the motion to intervene was promptly made as soon as it became clear that the named plaintiffs would not appeal the denial of class certification. However, in this case, Colusa never purported to represent a class or any other Compact tribe. Indeed, as set forth above, the Ninth Circuit made clear that Colusa's claims did not implicate other tribes' contracts with defendants. Cachil, 547 F.3d at 972. Therefore, McDonald is inapplicable.