1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                   EASTERN DISTRICT OF CALIFORNIA
12
                              ----oo0oo----
13
   CACHIL DEHE BAND OF WINTUN
14 INDIANS OF THE COLUSA INDIAN
   COMMUNITY, a federally
15 recognized Indian Tribe,

16         Plaintiff,

17 PICAYUNE RANCHERIA OF THE
   CHUKCHANSI INDIANS, a
18 a federally recognized Indian
   Tribe,
19
           Plaintiff
20         in Intervention,
                                    NO. CIV. S-04-2265 FCD KJM
21     v.                           (Consolidated Cases)

22 STATE OF CALIFORNIA;
   CALIFORNIA GAMBLING CONTROL
23 COMMISSION, an agency of the
   State of California; and
24 ARNOLD SCHWARZENEGGER,
   Governor of the State of
25 California,

26         Defendants.
27 _____/

28                            ----oo0oo----

This matter is before the court on plaintiff Cachil Dehe Band of Wintun Indians of the Colusa Indian Community's ("Colusa") and plaintiff-intervenor Picayune Rancheria of the Chukchansi Indians' ("Picayune") (collectively, "plaintiffs") motion for entry of final judgment on fewer than all claims, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Specifically, plaintiffs seek entry of final judgment on claims relating to the size of the Gaming Device license pool and Colusa's priority in the tiered drawing system. Defendants State of California, California Gambling Control Commission (the "Commission" or "CGCC"), and Governor Arnold Schwarzenegger's (collectively, the "defendants") oppose the motion. Alternatively, defendants assert that final judgment should be entered as to all six of the seven claims that were resolved by the court's April 22, 2009 Memorandum and Order (the "April 22 Order"), granting in part and denying in part the parties' motions for summary judgment and motion for judgment on the pleadings.[1]

## BACKGROUND[2]

Plaintiff Colusa is an American Indian Tribe with a governing body duly recognized by the Secretary of the Interior. Plaintiff-intervenor Picayune is also a federally recognized Indian tribe. Colusa and Picayune entered into similar Class III Gaming Compacts (the "Compacts" or "Compact") with the State of

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The facts of this case are set forth fully in the court's April 22 Order. (April 22 Order [Docket # 102], filed Apr. 22, 2009).

California (the "State") in 1999, which were ratified by the Legislature on September 10, 1999; both Colusa and Picayune's Compacts have been in effect since May 16, 2000. 55 other federally recognized tribes (the "Compact Tribes") also executed virtually identical compacts with the State. At their core, these compacts authorize Class III gaming subject to certain restrictions.

The Compact sets forth various provisions relating to the number of Class III Gaming Devices a Compact Tribe may operate. The Compact sets the limit of the amount of Gaming Devices operated by each individual tribe at 2,000. The Compact also sets a statewide maximum on the number of Gaming Devices that all Compact Tribes may license in the aggregate. This statewide maximum is determined by a formula set forth in § 4.3.2.2(a)(1) of the Compact. Gaming Device licenses are distributed among all the 1999 Compact Tribes pursuant to the license draw process set forth in § 4.3.2.2 of the Compact; tribes are awarded licenses based upon the tribe's placement in one of five priority tiers.

On or about March 13, 2001, then Governor Gray Davis issued Executive Order D-31-01, in which he declared that the Commission had exclusive control over the issue of Gaming Device licensing under the Compact. Since June 2002, the Commission has assumed sole responsibility for the administration of the license draw system. On October 25, 2004, Colusa filed a complaint in this court, alleging violations of the Compact. Colusa asserted that defendants violated the Compact by: (1) excluding the Tribe from participating in the third priority tier in the December 19, 2003 round of draws; (2) unilaterally determining the number of Gaming

3

Device licenses authorized by § 4.3.2.2(a)(1) of the Compact; (3) failing to refund money paid pursuant to the non-refundable one-time pre-payment fee set forth in § 4.3.2.2(e) of the Compact; (4) CGCC conducting rounds of draws of Gaming Device licenses without authority; and (5) failing to negotiate in good faith. On March 28, 2006, defendants filed a motion for judgment on the pleadings, seeking to dismiss plaintiff's first, second, third, and fourth claims for relief for failure to join necessary and indispensable parties and plaintiff's fifth claim for relief for failure to exhaust non-judicial remedies. By order dated May 16, 2006 (the "May 16 order"), the court granted defendants' motion.

Colusa appealed the court's May 16 order.[3] The Ninth Circuit reversed the court's ruling that Colusa's first four claims required joinder pursuant to Rule 19 and remanded for further proceedings consistent with its opinion. Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. ("Colusa") v. California, 547 F.3d 962 (9th Cir. 2008). The Ninth Circuit's mandate was filed in this court on November 14, 2008.

In the interim, on June 5, 2007, Colusa filed a second action in this court, alleging that defendants violated the Compact by (1) refusing to schedule and conduct a round of draws; and (2) counting multi-station games as equal to the number of terminals. (First Am. Compl. in Case No. 2:07-cv-1065 [Docket #22], filed Feb. 8, 2008). Colusa also alleged that defendants

---

[3] The Ninth Circuit noted that while Colusa listed its fifth cause of action – failure to negotiate in good faith – among its grounds for appeal, it did not advance any argument in support of reversing the court's order; thus, the Ninth Circuit deemed the claim abandoned. Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California ("Colusa"), 547 F.3d 962, 968 n.3 (9th Cir. 2008).

4

failed to negotiate in good faith in violation of both the Compact and the Indian Gaming Regulatory Act, 25 U.S.C. § 2710.

On December 10, 2008, the court consolidated the two actions on defendants' motion and set a revised schedule for dispositive motions. On January 2, plaintiff-intervenor Picayune filed a motion to intervene in the action, alleging that the Commission breached its Gaming Compact with the State of California by miscalculating the total number of licenses in the gaming device license pool. (Compl. in Intervention). The court granted Picayune's motion, but maintained the existing schedule for the parties' dispositive motions. (Order [Docket #63], filed Jan. 22, 2009).

The court heard oral argument on the parties' dispositive motions on February 20, 2009. By Stipulation and Order, filed March 2, 2009, the court allowed plaintiff Colusa and defendants to file additional cross-motions on summary judgment regarding Colusa's claim for Failure to Negotiate in Good Faith. The court also allowed the parties to submit supplemental briefing regarding the size of the statewide license pool under the 1999 Compact, the last of which was filed on April 8, 2009.

On April 22, 2009 the court issued its Memorandum and Order. The court granted Colusa's motion for summary judgment with respect to its claims regarding (1) Colusa's priority in the draw process; and (2) the number of gaming devices authorized by the Compact. The court also granted Picayune's motion for summary judgment in its sole claim regarding the number of gaming devices authorized by the Compact. The court granted defendants' motions regarding (1) defendants' retention of license fees; (2) the

5

Commission's authority to administer the draw process; (3) defendants' refusal to schedule and conduct a round of draws; and (4) defendants' counting of multi-station games as equal to the number of their terminals.[4]

On May 12, 2009 and May 20, 2009, plaintiffs filed motions for entry of final judgment.  The San Pasqual Band of Mission Indians, a federally recognized Indian tribe that has brought very similar claims against defendants in the Southern District of California, requested leave to file an *amicus* brief in support of entry of final judgment.  The court granted the motion and allowed defendants to file a response in opposition.

**ANALYSIS**

**A.   Entry of Final Judgment**

Plaintiffs request that the court enter final judgment on their claims regarding the size of the statewide license pool established by the formula in § 4.3.2.2(a)(1) of the Compact and Colusa's claim regarding its priority in the tier drawing system set forth in § 4.3.2.2 of the Compact.  Defendants oppose entry of final judgment, or, in the alternative, seek entry of all six claims adjudicated in the court's April 22 Order.

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief . . . the court my direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  In

---

[4] On June 19, 2009, defendants filed a motion for reconsideration of the court's ruling on the size of the statewide gaming device license pool.  The court denied the motion on August 11, 2009.

determining whether there is no "just reason" for such delay, courts must consider (1) "judicial administrative interests . . . [such as] whether the claims under review were separable from the others remaining to be adjudicated, and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals," and (2) the equities involved in the case. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980).

In this case, Colusa's claim regarding its priority placement in the tier system and Colusa and Picayune's claims regarding the size of the statewide license pool are not easily separable from the other claims the court adjudicated in the April 22 Order. Indeed, in granting defendants' motion to consolidate cases in December 2009, the court acknowledged the similarity and overlap between the claims brought in the two separate suits and held that consolidation was appropriate in order to avoid judicial inefficiencies, advisory opinions, and potentially inconsistent rulings within the same court. As such, the Ninth Circuit would be subject to the same potential problems if the court entered final judgment as to only the two claims suggested by plaintiffs.

However, all of the claims the court has adjudicated are separable from the sole remaining good faith claim brought by Colusa. The six claims that the court ruled upon in its April 22 Order revolved around interpretation of the Compact. In contrast, the good faith claim, as previously argued to the court in the parties' briefing, focuses primarily upon the conduct of

Colusa and defendants.  As such, even if the parties subsequently appeal this remaining claim, the Ninth Circuit would not have to decide the same issues more than once.

Furthermore, the equities in this case weigh in favor of entering final judgment.  This litigation has been pending either before this court or the Ninth Circuit for almost five years.  During that time, plaintiffs have been unable to realize the benefits of revenue that is likely to be generated by the award of additional licenses the court determined were available under the Compact; there is no avenue for plaintiffs to obtain money damages for these lost opportunities.  While the court acknowledges the broad policy considerations implicated by this litigation, the parties have had ample opportunity to argue their respective positions regarding how or if such policy implications should affect the interpretation of the Compact or the relief afforded by the court.  To the extent other district courts disagree with the court's interpretations in similar cases that are currently pending, the Ninth Circuit has stated that such inconsistencies could be resolved on appeal.  As such, the court finds that judicial economy and fairness militates in favor of entry of final judgment as to all claims it has adjudicated.

**B.   Relief**

Plaintiffs request that the court order a round of draws for all 1999 Compact tribes be conducted by the Commission for the 10,549 additional licenses the court held was available under § 4.3.2.2(a)(1).  Defendants contend that plaintiffs' requested relief is overbroad because it would confer a benefit on Compact Tribes that were not parties to this action.

While the Ninth Circuit clearly stated that the merits of the litigation centered on the specific claims between the named plaintiff and defendants, the <u>Colusa</u> court also recognized that the relief awarded in this action would have an incidental effect on other 1999 Compact tribes. <u>Id.</u> at 972. While other tribes could have litigated claims that would have served their own particular interests, either by limiting or increasing the license pool, the merits portion of the litigation in this case centered upon the claims between Colusa and the State and Picayune and the State and the relevant factual considerations specific to those two tribes. Compact Tribes that failed to bring suit took a gamble; under the interpretation of the Compact provided in the court's April 22 Order, those that wanted an increase in the license pool won, while those that wanted to maintain stricter limits did not.[5] However, the Ninth Circuit's ruling makes clear that it contemplated that a ruling as to the specific Compacts between individual tribes and defendants would likely have an effect on administration of the license system as a whole.

The court finds that the Ninth Circuit's Order implicitly contemplated the relief requested by plaintiffs. See <u>Colusa</u>, 547

---

[5] In denying Tuolumne Band of Me-Wuk Indians', a federally recognized Indian Tribe, ("Tuolumne") motion to intervene as untimely, the court noted that Tuolumne's decisions not to file suit or seek intervention earlier in the litigation were made at its own peril. Tuolumne sought a declaration that the Gaming Compact authorized the issuance of 55,951 licenses. To the extend Tuolumne sought more licenses than the 42,700 the court held the Compact authorized under the facts presented in this case, Tuolumne's gamble was not fully successful. However, since the court's finding resulted in an increased size of the Gaming Device license pool. Tuolumne's gamble was partially successful.

1  F.3d at 971-72.  Specifically, the court reads the Ninth
2  Circuit's opinion as contemplating an increase in the overall
3  size of the license pool created by the 1999 Compacts as an
4  "incidental" effect.  The Colusa court noted that those tribes
5  "who intend to expand their gaming tribes will gladly accept an
6  increase in the size of the license pool created by the 1999
7  Compacts."  Id. at 971.  Further, the Colusa court recognized
8  that "the outcome of Colusa's litigation may have some financial
9  consequences for the non-party tribes . . . ."  Id.  Finally, the
10 Colusa court recognized that the state could be subject to
11 "inconsistent obligations" should district courts reach
12 inconsistent conclusions with respect to the size of the license
13 pool created under the 1999 Compacts; indeed, it advised that any
14 such inconsistencies could be resolved on appeal to the Ninth
15 Circuit.  Id. at 972 n.12.  Accordingly, the court concludes that
16 plaintiffs' are entitled to the relief requested.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED pursuant to Federal Rule of Civil Procedure 54(b) that the Clerk enter final judgment on Colusa's claims regarding (1) its priority in the draw process (2) the number of gaming devices authorized by the Compact; (3) defendants' retention of license fees; (4) the Commission's authority to administer the draw process; (5) defendants' refusal to schedule and conduct a round of draws; and (6) defendants' counting of multi-station games as equal to the number of their terminals in accordance with the court's April 22 Order.  It is also HEREBY ORDERED pursuant to Federal Rule of Civil Procedure 54(b) that the Clerk enter final judgment on

1  Picayune's sole claim regarding the number of gaming devices
2  authorized by the Compact.
3      Within forty five (45) days of the entry of judgment
4  pursuant to this Order,[6] defendants shall schedule and conduct a
5  draw of all available gaming device licenses, in accordance with
6  the court's April 22 Order, and in which all eligible Compact
7  Tribes may participate.
8      IT IS SO ORDERED.
9  DATED: August 19, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[6] The court notes defendants' request that the Court stay the effect of this order for thirty days to permit the State to appeal and/or file a motion to stay with this court or the Ninth Circuit. The court DENIES defendants' request. However, nothing in this order prevents defendants from filing an appeal or a properly filed motion with the court or the Ninth Circuit.