UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CACHIL DEHE BAND OF WINTUN
INDIANS OF THE COLUSA INDIAN
COMMUNITY, a federally
recognized Indian Tribe,

    Plaintiff,

PICAYUNE RANCHERIA OF THE
CHUKCHANSI INDIANS, a
a federally recognized Indian
Tribe,

    Plaintiff
    in Intervention,

  v.

STATE OF CALIFORNIA;
CALIFORNIA GAMBLING CONTROL
COMMISSION, an agency of the
State of California; and
ARNOLD SCHWARZENEGGER,
Governor of the State of
California,

    Defendants.
_____/

NO. CIV. S-04-2265 FCD KJM
(Consolidated Cases)

----oo0oo----

This matter is before the court on defendants State of California, California Gambling Control Commission (the "Commission" or "CGCC"), and Governor Arnold Schwarzenegger's (collectively, the "defendants") motion to stay execution of final judgment entered on August 19, 2009.  Plaintiff Cachil Dehe Band of Wintun Indians of the Colusa Indian Community ("Colusa") and plaintiff-intervenor Picayune Rancheria of the Chukchansi Indians' ("Picayune") (collectively, "plaintiffs") oppose the motions.  For the reasons set forth herein,[1] defendants' motion is DENIED.

## BACKGROUND[2]

Through this litigation, plaintiff Colusa, an American Indian Tribe, and plaintiff-intervenor Picayune, also a federally recognized Indian tribe, challenged interpretation of various terms in their Class III Gaming Compacts (the "Compacts" or "Compact") entered into with the State of California (the "State") in 1999.  55 other tribes (the "Compact Tribes") executed virtually identical compacts with the State around the same time.  At their core, these compacts authorize Class III gaming pursuant to certain restrictions.  However, plaintiffs contended that defendants' interpretation of the Compact impermissibly limited the amount of licenses available to the Compact tribes.  Colusa also challenged defendants'

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The facts of this case are set forth fully in the court's April 22 Order.  (April 22 Order [Docket # 102], filed Apr. 22, 2009).

2

interpretation of other provisions of the Compact that it argued impermissibly limited its gaming opportunities.

On April 22, 2009, the court issued its Memorandum and Order (the "April 22 Order"). The court granted Colusa's motion for summary judgment with respect to its claims regarding (1) Colusa's priority in the draw process; and (2) the number of gaming devices authorized by the Compact. The court also granted Picayune's motion for summary judgment in its sole claim regarding the number of gaming devices authorized by the Compact. The court granted defendants' motions regarding (1) defendants' retention of license fees; (2) the Commission's authority to administer the draw process; (3) defendants' refusal to schedule and conduct a round of draws; and (4) defendants' counting of multi-station games as equal to the number of their terminals. On June 19, 2009, defendants filed a motion for reconsideration of the court's ruling on the size of the statewide gaming device license pool. The court denied the motion on August 11, 2009 (the "August 11 Order").

Plaintiffs filed motions for entry of final judgment. The court also granted San Pasqual Band of Mission Indians, a federally recognized Indian tribe that has brought very similar claims against defendants in the Southern District of California, requested leave to file an *amicus* brief in support of entry of final judgment. On August 19, 2009, the court entered final judgment on all six of the claims resolved by the April 22 Order. The court ordered defendants to schedule and conduct a draw of all available gaming device licenses, in accordance with the court's April 22 Order, and in which all eligible Compact Tribes

may participate, within forty five (45) days of the entry of judgment. On September 1, 2009, defendants filed the instant motion to stay the judgment pending appeal.

**STANDARD**

A stay of a judgment pending appeal is "'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" Nken v. Holder, 129 S. Ct. 1749, 1760-61 (2009) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672-73 (1926)); see Hilton v. Braunskill, 481 U.S. 770, 777 (1987) ("[T]he traditional stay factors contemplate individualized judgments in each case."). The court considers four factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken, 129 S. Ct. at 1761 (quoting Hilton, 481 U.S. at 776). The Supreme Court has noted that these factors are substantially similar to those governing the issuance of a preliminary injunction and that such overlap exists "because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Id. (citing Winter v. Natural Res. Def. Council, 129 S. Ct 365, 376-77 (2008)).

The first two factors are the most critical. Id. The applicant must show that the likelihood of success on the merits is "better than negligible." Id. The applicant must also show

4

that irreparable injury is likely; mere "possibility" is insufficient. Id. (citing Winter, 129 S. Ct. at 375.)[3]

However, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." Virginian R. Co., 272 U.S. at 672. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Nken, 129 S. Ct. at 1761.

/////

/////

---

[3]  In their moving papers, citing cases decided prior to the Supreme Court's decision in both Winter and Nken, defendants ask this court to apply the sliding scale analysis previously used by the Ninth Circuit in determining whether injunctive relief is appropriate. The Ninth Circuit's opinion in American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), emphasized that the sliding scale analysis is no longer controlling or viable to the extent they suggest a lesser standard than that set forth by the Supreme Court in Winter. The Ninth Circuit expressly disapproved of Lands Council v. Martin, 479 F.3d 636, 639 (9th Cir. 2007) which had permitted something less than a showing of a likelihood of success on the merits. Am. Trucking, 559 F.3d at 1052 n. 10. Indeed, the Ninth Circuit's most recently published cases underscore the requirement of Winter's four prong test. Sierra Forest Legacy v. Rey, - F.3d -, No. 07-12892, 2009 WL 2462216, *3, 5-6 (9th Cir. Aug. 13, 2009) (reversing district court's denial of motion for preliminary injunction and remanding for consideration of the non-merits factors in Winter, namely, likelihood of irreparable harm, the balance of equities and the public interest); see also Stormans, Inc. v. Selecky, 571 F.3d 960, 977-78 (9th Cir. 2009) (citing Winter's four prong test, without mentioning any alternative, sliding-scale test, or more specifically, the grant of injunctive relief based on a showing of serious questions going to the merits); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GMGH & Co., 571 F.3d 873, 877 (9th Cir. 2009).

Moreover, Justice Kennedy's concurrence in Nken lends further credence to rigorously applying the four part requirement set forth in the majority's opinion. Specifically, Justice Kenney advised that "when considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other." 129 S. Ct. at 1763 (citing Curry v. Baker, 479 U.S. 1301, 1302 (1986); Ruckelshaus v. Monsanto Co., 463 U.S. 1315, 1317 (1983)).

5

## ANALYSIS

**A.   Success on the Merits**

Defendants contend that they are likely to succeed on the merits with respect to their questions of "whether it was proper . . . for the court to weigh disputed facts in order to determine: (a) that the parties had no common understanding of the meaning of § 4.3.2.2(a)(1) of Colusa and Picayune's respectie Compacts at the time the Compacts were executed in 1999; and (b) that the 1999 Compact was drafted by the State without negotiation by Colusa and Picayune, and is therefore subject to the doctrine of *contra proferentem*." (Def.'s Mot., filed Sept. 1, 2009, at 9.) Defendants also assert, for the very first time, that there was not a sufficient binding agreement between the parties. (Id. at 12.) Finally, defendants assert that the court's entry of judgment pursuant to the Ninth Circuit's remand order in is an "unusual remedy," which creates an "asymmetrical legal relationship between the 1999 Compact tribes and the State." (Id. at 14.)

As an initial matter, the court notes that defendants again[4] grossly mischaracterize the content of the April 22 Order. First, on a motion for summary judgment, the court does not "weigh" the evidence submitted by the parties; the court did not do so in this case. Rather, the court considered whether any of the evidence submitted by the parties raised a triable issue of fact sufficient to go to a jury. While all parties presented evidence of the number of licenses their representatives believed

---

[4] Defendants similarly failed to accurately interpret the court's April 22 Order in its briefing in support of the Motion for Reconsideration.

§ 4.3.2.2(a)(1) allowed, *neither* plaintiffs nor defendants presented evidence of a mutual understanding of the intention of the parties. Accordingly, based upon a review of *all* the evidence submitted by the parties, defendants failed to raise a triable issue, and plaintiffs demonstrated that their alternative interpretation was correct as a matter of law.

Second, the court's holding in this case was not based solely on application of the doctrine of *contra proferentum*. As set forth in the court's April 22 Order as well as the court's August 11 Order, denying defendants' motion for reconsideration, the court held that the alternative formulation most accurately followed the language of § 4.3.2.2(a)(1) and gave words their ordinary meaning. This construction was also consistent with the underlying purpose as set forth by defendants' counsel at oral argument. Therefore, defendant's objection to the court's analysis with respect doctrine of *contra proferentum* is not determinative of the merits in this case.

Third, defendants now attempt to argue a position they have never raised in the multitude of motions, briefing, and supplemental briefing submitted to this court -- that there is no contract. Defendants have never sought invalidation of the contract for indefiniteness. Cf. Family Snacks of North Carolina, Inc. v. Prepared Prods. Co., Inc., 295 F.3d 864, 868-69 (8th Cir. 2002) (examining, under Missouri law, whether the contract failed for indefiniteness and holding that it did not based upon the parties clear intention to make a contract). Further, defendants not only fail to cite any relevant,

7

precedential authority to support their contention,[5] they also fail to support this novel assertion with any probative evidence. Rather, throughout this litigation and specifically in the parties' dispositive motions, the parties have submitted their evidence and arguments on the premise that all parties intended to enter into a contract and that such contract provided for a statewide cap in licenses; indeed, defendants represented that "The Parties Agree That Section 4.3.2.2(a)(1) is Ambiguous." (Defs.' Reply to Colusa's Opp'n to Mot. for Summ. J. [Docket #88], filed Feb. 13, 2009, at 2.) As such, *defendants'* submissions and arguments have always focused on *which* interpretation of the contract, i.e. the Compact, the court should accept. (Id.) Now, after failing to prevail on vigorously litigated cross-motions for summary judgment and a motion for reconsideration, defendants seek to recast their arguments, contrary to their prior litigation position and without citation to precedential authority or probative evidence. This is not a basis for demonstrating likelihood of success on appeal.

Further, defendants argue that the court's order entering final judgment, requiring defendants to conduct a draw in which all eligible 1999 Compact tribes may participate, is inequitable because non-party tribes may benefit from the court's ruling without being bound by it. The court acknowledges that the relief accorded in this case is unusual. However, such relief is

---

[5] Defendants' citation to Cotran v. Rollins Hudig Hall Int'l, Inc., 17 Cal. 4th 93, 112-13 (1998), is unavailing. In Cotran, the California Supreme Court first considered whether there was an implied contract between the parties. No party in this litigation has ever advanced a theory of implied contract.

8

consistent with the Ninth Circuit's analysis in its remand order, holding that absent Compact tribes were not necessary parties even though "the outcome of Colusa's litigation may have some financial consequences for non-party tribes." <u>Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California ("Colusa")</u>, 547 F.3d 962, 971 (9th Cir. 2008).  In its order entering final judgment, the court noted that while the Ninth Circuit clearly stated that the merits of the litigation centered on the specific claims between the named plaintiff and defendants, the <u>Colusa</u> court also recognized that the relief awarded in this action would have an incidental effect on other 1999 Compact tribes.  <u>Id.</u> at 972.  As such, the court concluded that the Ninth Circuit's Order implicitly contemplated an increase in the overall size of the license pool created by the 1999 Compacts as an "incidental" effect on non-party Compact Tribes.  <u>See</u> <u>Colusa</u>, 547 F.3d at 971-72 (noting that those tribes "who intend to expand their gaming tribes will gladly accept an increase in the size of the license pool created by the 1999 Compacts").  While defendants disagree with the court's interpretation of the Ninth Circuit's order, they have failed to offer any compelling arguments regarding why such disagreement amounts to a likelihood of success on the merits.

    Finally, the court notes that the Ninth Circuit explicitly addressed defendants' concerns regarding inconsistent obligations imposed by different district courts confronting the issue and explained that the Circuit court could resolve such issues on appeal.  Specifically, the Ninth Circuit provided that "[s]hould different district courts reach inconsistent conclusions with

respect to the license pool created under the 1999 Compacts, such inconsistencies could be resolved in an appeal to this court." Id. at 972 n.12.  The court has resolved the issues before it, and, in accordance with the Colusa court's direction, defendants may seek whatever resolution they argue is required before the Ninth Circuit.

Accordingly, defendants have failed to meet their burden of demonstrating likelihood of success on the merits.

**B.   Irreparable Injury**

Defendants contend that they will suffer irreparable injury if judgment is not stayed because it will suffer (1) the administrative burden of issuing and possibly revoking licenses that should not have been issued; and (2) the burden of defending its public policy issues relating to increased patronage of tribal casinos and the incumbent effect on local environments and government services, including personal bankruptcies.  Defendants assert that plaintiff and non-party 1999 Compact Tribes may be unjustly enriched by the relief accorded in this case.

With respect to their first contention, defendants fail to cite any authority to support its position that the administrative burdens of complying with court order can constitute irreparable injury.  Nor have defendants proffered any evidence to clarify the injury that this conclusorily proffered burden would inflict.  As such, the court cannot find that defendants' "administrative burden" is an injury sufficient to justify imposition of a stay.[6]

---

[6] Defendants argue that if licenses are issued and later determined to be invalid on appeal, they will be force to
(continued...)

10

With respect to their second contention, defendants' claimed injury is, at best, speculative.  First, defendants have no evidence of how much tribal gaming will increase as a result of execution of this court's order.  Indeed, in arguing that plaintiffs will not suffer definite, substantial injury, defendants assert that "the timing of the increase in gambling that will occur as a result of the availability of more licenses in the statewide pool cannot be predicted with certainty under current economic circumstances." (Defs.' Mot. at 8.)  Similarly, defendants do not proffer any evidence regarding how many licenses plaintiffs and the eligible 1999 Compact Tribes will seek in the court ordered draw.  Nor do defendants proffer any evidence regarding when the devices that are drawn will be put into use or by which Tribes.  Further, defendants fail to proffer any evidence regarding how this unknown number of potential additional gaming devices put into use by unidentified tribes will impact specific local infrastructures.  Moreover, defendants fail to point to any evidence that identifies how the issuance of an unknown number of additional gaming devices will increase personal bankruptcies.  Accordingly, defendants have failed to demonstrate irreparable injury on these grounds.

Finally, the court finds defendants' arguments with respect to unjust enrichment unpersuasive.  Plaintiffs present evidence that additional gaming devices will likely translate into

---

[6](...continued)
initiate dispute resolution proceedings with any Compact Tribes that refuse to acknowledge cancellation and cease operation of the machines.  Assuming that the Ninth Circuit invalidates the licenses and assuming that non-party Compact Tribes would refuse to comply with the decision, defendants have pointed to a system for recourse.  As such, any injury is not irreparable.

additional revenue.  However, plaintiffs represent that have no recourse to sue for the monetary loss suffered as a result of defendants' failure to issue additional licenses.  In April 2009, the court concluded that the Compact provided for more gaming device licenses in the statewide pool than defendants had accounted for in their interpretations.  The court entered judgment on these claims on August 11, 2009, after deciding defendants' motion for reconsideration on these claims as well as their opposition to entry of final judgment.  Because the court has concluded that defendants' failed to demonstrate that they are likely to succeed on appeal, it is plaintiffs that suffer harm, for which they cannot later recovery monetary relief, by delay of judgment.

Therefore, defendants have failed to meet their burden of demonstrating irreparable injury in the absence of a stay.[7]

**CONCLUSION**

For the reasons stated above, defendants' motion for stay of judgment pending appeal is DENIED.

/////

/////

/////

---

[7] Because defendants have failed to meet their burden with respect to demonstrating both a likelihood of success on the merits and a likelihood of irreparable injury, the court need not reach the other equitable factors of whether issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies.

The court notes that numerous non-party Compact Tribes filed *amicus curiae* briefs in opposition to defendants' motion to stay, arguing that they would be negatively impacted by such relief. Because these determinations are not necessary to the court's analysis, the court denies the various applications to file *amicus curiae* briefs.

IT IS SO ORDERED.

DATED: September 11, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE